IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTENNATECH, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C. A. No. 1:14-cv-569-GMS |
| | ) |
| BMW OF NORTH AMERICA, LLC, | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |
| | ) |

## PLAINTIFF'S REPLY TO DEFENDANT'S COUNTERCLAIMS

1. The allegation of paragraph 1 is an introductory statement to which no response is required. Plaintiff Antennatech, LLC ("Antennatech") replies to the counterclaims set forth by Defendant BMW of North America, LLC ("Defendant") in Defendant's Answer, Defenses & Counterclaims and Counterclaims to the Complaint (the "Counterclaim").

## NATURE OF THE LAWSUIT

2. The allegation of paragraph 2 is an introductory statement to which no response is required. To the extent a response is required, Antennatech does not dispute that Defendant is seeking a declaration of patent non-infringement, patent invalidity and unenforceability.

## PARTIES

3. Antennatech admits the allegations of paragraph 3.

4. Antennatech admits the allegations of paragraph 4.

## JURISDICTION AND VENUE

5. The allegations of paragraph 5 are legal conclusions and do not require a responsive pleading. To the extent a response is required, Antennatech admits the Court has jurisdiction over this judicial action.

6. The allegations of paragraph 6 are legal conclusions and do not require a responsive pleading. To the extent a response is required, Antennatech admits that venue is proper in this district, but denies that venue properly lies in this judicial action solely by virtue of Antennatech's having filed its Complaint herein.

7. The allegations of paragraph 7 are legal conclusions and do not require a responsive pleading. To the extent a response is required, Antennatech does not dispute that this Court has personal jurisdiction over it for this action.

## COUNT I
## INVALIDITY – NON-INFRINGEMENT – UNENFORCEABILITY – '702 PATENT

8. Antennatech incorporates by incorporates by reference, as though fully set forth herein, its responses set forth above. Antennatech responds to Defendant's allegations in its Answer by incorporating by reference, as though fully set forth herein, Antennatech's Complaint, and Antennatech denies Defendant's allegations made in Defendant's Affirmative Defenses.

9. The allegations of paragraph 9 are legal conclusions and do not require a responsive pleading. To the extent a response is required, Antennatech does not dispute that there is an actual controversy between Antennatech and Defendant regarding Defendant's infringement of the '702 patent, which is presumed to be valid.

10. Antennatech admits Defendant requests a declaration by the Court that Defendant does not infringe any claim of the '702 patent and that the '702 patent is either invalid or unenforceable, but denies that Defendant is entitled to any such declaration.

11. Antennatech denies the Counterclaim qualifies as an exception case under 35 U.S.C. § 285.

## COUNT II
## INVALIDITY – NON-INFRINGEMENT – UNENFORCEABILITY – '279 PATENT

12. Antennatech incorporates by reference, as though fully set forth herein, its

responses set forth above. Antennatech responds to Defendant's allegations in its Answer by incorporating by reference, as though fully set forth herein, Antennatech's Complaint, and Antennatech denies Defendant's allegations made in Defendant's Affirmative Defenses.

13. The allegations of paragraph 13 are legal conclusions and do not require a responsive pleading. To the extent a response is required, Antennatech does not dispute that there is an actual controversy between Antennatech and Defendant regarding Defendant's infringement of the '279 patent, which is presumed to be valid.

14. Antennatech admits Defendant requests a declaration by the Court that Defendant does not infringe any claim of the '279 patent and that the '279 patent is either invalid or unenforceable, but denies that Defendant is entitled to any such declaration.

15. Antennatech denies the Counterclaim qualifies as an exception case under 35 U.S.C. § 285.

## **GENERAL DENIAL**

Antennatech denies each and every allegation of the Counterclaim that is not expressly admitted or to which Antennatech has not specifically responded.

## **AFFIRMATIVE DEFENSES**

By way of further answer, as Affirmative Defenses to the Counterclaim, and without assuming any burden that it would not otherwise have, Antennatech states as follows:

## **FIRST AFFIRMATIVE DEFENSE**

Defendant's Counterclaim fails to state a claim upon which relief can be granted.

## **SECOND AFFIRMATIVE DEFENSE**

Antennatech expressly reserves the right to assert any other legal or equitable defenses to which it is entitled.

**PRAYER FOR RELIEF**

WHEREFORE, Antennatech denies Defendant is entitled to any judgment or relief in its favor, including the relief sought in the Prayer For Relief in Defendant's Counterclaim, and Antennatech requests entry of judgment against Defendant as follows:

a. Dismiss Defendant's Counterclaim in its entirety;

b. Grant the relief sought in Antennatech's Complaint;

c. Grant the case be declared exceptional pursuant to 35 U.S.C. § 285 and that Antennatech shall recover from Defendant all of Antennatech's reasonable expenses, including costs and attorneys' fees incurred in defending against Defendant's Counterclaim; and

d. Grant to Antennatech such other relief as the Court may deem just and proper.

**JURY DEMAND**

To the extent a response is required, Antennatech does not dispute that the Counterclaim purports to seek a trial by jury. Antennatech repeats its demand for a trial by jury on all issues so triable.

Dated: July 16, 2014      STAMOULIS & WEINBLATT LLC

*/s/ Richard C. Weinblatt*
Stamatios Stamoulis #4606
    stamoulis@swdelaw.com
Richard C. Weinblatt #5080
    weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540

*Attorneys for Plaintiff*
*Antennatech, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2014, I electronically filed the above document with the Clerk of Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

> */s/ Richard C. Weinblatt*
> Richard C. Weinblatt #5080